## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JOHN GUNTHER,

        Plaintiff,

   v.

CAMDEN COUNTY JAIL,

        Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-08312 (JBS-AMD)

**OPINION**

APPEARANCES:

John Gunther, Plaintiff Pro Se
76 South Woodland Ave., Apt. B
Woodbury, NJ 08096

**SIMANDLE, Chief District Judge:**

1.  Plaintiff John Gunther seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1.

2.  Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.     For the reasons set forth below, the Court will

dismiss the complaint without prejudice for failure to state a

claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.     To survive *sua sponte* screening for failure to state a

claim, the complaint must allege "sufficient factual matter" to

show that the claim is facially plausible. *Fowler v. UPMS

Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

"A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct

alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308

n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or

conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007)).

5.     Plaintiff brings this action pursuant to 42 U.S.C.

§ 1983[1] for alleged violations of Plaintiff's constitutional

rights. In order to set forth a *prima facie* case under § 1983, a

---

[1] Section 1983 provides: "Every person who, under color of any
statute, ordinance, regulation, custom, or usage, of any State .
. . subjects, or causes to be subjected, any citizen of the
United States or other person within the jurisdiction thereof to
the deprivation of any rights, privileges, or immunities secured
by the Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other proper
proceeding for redress . . . ." 42 U.S.C. § 1983.

plaintiff must show: "(1) a person deprived him of a federal

right; and (2) the person who deprived him of that right acted

under color of state or territorial law." *Groman v. Twp. of

Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v.

Toledo,* 446 U.S. 635, 640 (1980)).

6.    Generally, for purposes of actions under § 1983,

"[t]he term 'persons' includes local and state officers acting

under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99

(3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To

say that a person was "acting under color of state law" means

that the defendant in a § 1983 action "exercised power [that the

defendant] possessed by virtue of state law and made possible

only because the wrongdoer [was] clothed with the authority of

state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation

omitted). Generally, then, "a public employee acts under color

of state law while acting in his official capacity or while

exercising his responsibilities pursuant to state law." *Id.*

at 50.

7.    Because Plaintiff has not sufficiently alleged that a

"person" deprived him of a federal right, the complaint does not

---

[2] "Person" is not strictly limited to individuals who are state
and local government employees, however. For example,
municipalities and other local government units, such as
counties, also are considered "persons" for purposes of § 1983.
*See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658,
690-91 (1978).

meet the standards necessary to set forth a *prima facie* case

under § 1983. Plaintiff seeks monetary damages from CCJ for

allegedly unconstitutional conditions of confinement. The CCJ,

however, is not a "person" within the meaning of § 1983;

therefore, the claims against it must be dismissed with

prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d

Cir. 2016) ("[T]he prison is not an entity subject to suit under

42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992

(3d Cir. 1973)). Because the claims against the CCJ must be

dismissed with prejudice, the claims may not proceed and

Plaintiff may not name the CCJ as a defendant.

8.    Plaintiff may be able to amend the complaint to name a

person or persons who were personally involved in the alleged

unconstitutional conditions of confinement, however. To that

end, the Court shall grant Plaintiff leave to amend the

complaint within 30 days of the date of this order.[3]

9.    Plaintiff is advised that the amended complaint must

plead sufficient facts to support a reasonable inference that a

constitutional violation has occurred in order to survive this

---

[3] Plaintiff's complaint is somewhat unclear with respect to his
intended defendant. In the caption, Plaintiff lists the
defendant as "Camden County Jail Freeholders." Plaintiff has
made no other references to, or allegations regarding, the
"Freeholders," however. In any case, should Plaintiff elect to
file an amended complaint, he may not name the CCJ as a
defendant.

Court's review under § 1915. The fact section of the complaint states in its entirety: "I was sleeping on floor my back hurts bad [and] mentally con. [sic]." Complaint § III. Even accepting the statement as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

10. Plaintiff alleges that he slept on the floor, presumably because no open beds were available. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become

excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

11.   As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

12.   Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[4] *Id.*

13.   For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The

---

[4] The amended complaint shall be subject to screening prior to service.

Court will reopen the matter in the event Plaintiff files an

amended complaint within the time allotted by the Court.


     14.   An appropriate order follows.


**April 18, 2017**                     **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                     Chief U.S. District Judge